Defendants failure to disclose its non compliance constitutes "half-truth" misrepresentations to FDA. Failure to comply with FDA REMS requirements can render the company's drug misbranded and result in substantial penalties (e.g., $250,000 to $1 MM cap per violation; $1 MM to $10 MM cap per proceeding).

254. Defendant's Fraudulent Marketing Scheme described herein, included (i) the deceptive, misleading and false claims about Achtar to promote the five dose for acute exacerbations and pulse therapy, and (ii) the myriad types of kickbacks and illegal incentives.

255. These actions inured to the patient's financial detriment and, more importantly, to the detriment of the patient's health and well-being is widespread and has become the "norm" throughout Questcor.

## XII. Defendant's Actions Caused the Submission of False Claims

256. Given the rampant and widespread illegal marketing that became commonplace at Questcor, "average" sales cannot be considered to be results of marketing within the confines of the "label." As an example, Relator Lisa Pratta, had 38 total referrals in 2013. Except for times when Joe Citkowski (her KOL) and/or John Stabile (her Regional Manager) is with her on a "ride-a-long" and pushing the off-label use, she limits her presentation and does not engage in the same tactics as other sales representatives. As a result, we believe that 35 - 50 is likely the norm for those who are refraining from off label marketing.

257.    An analysis of Closed Sales for 2013 by Neurology Sales
Representatives demonstrates the link or causation between the illegal practices
and the submission of false claims. A copy is attached  hereto as Exhibit O.  The
chart contains the 2013 totals of all shipped sales, including Medicaid, Medicaid
HMO and Patient Assistance Programs, less all referrals that were denied or
withdrawn. Only included those representatives with 5 or more referrals since less
than that likely means a representative who started well into the year.

258.   The analysis consisted of 87 neurology sales representatives over the
12 Regional Areas accounting for 4,579 net closed sales from the neurology division.
The analysis showed the following:

● the average annual referrals by sales representative is 52.

● 18 of the sales representatives had between 50 - 74 referrals which
accounted for 983 referrals or approximately 21% of all referrals.

● 10 of the sales representatives had between 75 - 99 referrals which
accounted for 868 referrals or approximately 19% of all referrals.

● 8 of the sales representatives had over 100 referrals which accounted for
1,053 referrals or approximately 23% of all referrals.

259.    Using these parameters, an error rate of 63% of all neurology referrals
are a result of off label marketing, or 2,904 out of the total of 4,579.

-102-

260.    Similar to the analysis for 2013, an analysis of Closed Sales for 2014 by Neurology Sales Representative further demonstrates the link or causation between the illegal practices and the submission of false claims. A copy is attached hereto as Exhibit P

261.    The chart contains the 2014 totals of all shipped sales, including Medicaid, Medicaid HMO and Patient Assistance Programs, less all referrals that were denied or withdrawn. As with the Report in 2013, only those representatives with 5 or more referrals are included since less than that likely means a representative who started well into the year.

262.    Based on the foregoing criteria, set forth is an analysis and comparison of the 2013 and 2014 Closed Sales Reports.

263.    The 2013 data consisted of 87 neurology sales representatives over the 12 Regional Areas accounting for 4,579 net closed sales from the neurology division.

264.    The 2014 data consisted of 107[21] neurology sales representatives over the 12 Regional Areas accounting for 5,063 net closed sales from the neurology division analysis showed the following:

● The average annual referrals by sales representative:

---

[21] This represents 101 sales representatives and 6 areas that do not have a sales representative assigned but there are reported sales from that area that are included in the gross total of 5,063 total closed sales and are considered when calculated the average annual referrals by sales representative.

| 2013 | 52 |
|------|----|
| 2014 | 47 |

- Referrals between 50 - 74

In 2013, 18 of the sales representatives had between 50 - 74 referrals which accounted for 983 referrals or approximately 21% of all referrals.

In 2014, 17 of the sales representatives had between 50 - 74 referrals which accounted for 1,136 referrals or approximately 22% of all referrals.

- Referrals between 75- 99

In 2013, there were 10 of the sales representatives who had between 75 - 99 referrals which accounted for 868 referrals or approximately 19% of all referrals.

In 2014, there were 5 of the sales representatives who had between 75 - 99 referrals which accounted for 446 referrals or approximately 9% of all referrals.

- Referrals over 100

In 2013, 8 of the sales representatives had over 100 referrals which accounted for 1,053 referrals or approximately 23% of all referrals.

In 2014, 11 of the sales representatives had over 100 referrals which accounted for 1,597 referrals or approximately 32% of all referrals.

Using these parameters, in 2013, we calculated an error rate[22] of 63% of all neurology referrals are a result of off label marketing or illegal inducements, or 2,904 out of the total of 4,579.

265. Using these same parameters, in 2014, the error rate is also 63% of all neurology sales as a result of the off label marketing or illegal inducements, or 3,179 out of a total of 5,063.

## XIII. CAUSES OF ACTIONS

### A. COUNT ONE

#### THE FCA: 31 U.S.C. § 3729(a)(1)(A)

266. All of the allegations set forth herein in paragraphs 1 - 265 are incorporated herein by reference as if fully set forth at length.

267. The Defendants knowingly caused to be presented false or fraudulent claims to Government Health Care Programs and knowingly made, used or caused to be made or used, false statements to get said claims paid by Federal Health Care Programs as follows. The Federal FCA, 31 U.S.C. § 3729(a)(1)(A)[23] makes "knowingly"presenting or causing to be presented to the United States any false or

---

[22] The "error rate" is assumed to be all referrals over the "average" referrals for the sales representative. In 2013, the average was 52, so all sales above 50 were used. In 2014, given that the average referrals were 47, we continued to use the same basis, i.e., all referrals above 50.

[23] On May 22, 2009, the Fraud Enforcement and Recovery Act (FERA) was enacted into law which, inter alia, amended the False Claims Act. Part of the amendment renumbered ceratin sections. Under FERA, effective 5/22/09 3729(a)(1) became 3729(A)(1). Likewise, 3729(a)(2) became 3729(A)(2) and 3729(a)(3) became 3729(A)(3) . Since the allegations include a time period before and after 5/22/09, references are to be applicable sections

fraudulent claim for payment, a violation of federal law for which the United States may recover three times the amount of the damages the government sustains and a civil monetary penalty of between $5,500 and $11,000.

## B.  COUNT TWO

### THE FCA: 31 U.S.C. § 3729(a)(1)(B)

268.   All of the allegations set forth herein in paragraphs 1 - 265 are incorporated herein by reference as if fully set forth at length.

269.   The Federal FCA, 31 U.S.C. § 3729(a)(1)(B) makes "knowingly" making, using, or causing to be used or made, a false record or statement to get a false or fraudulent claim paid or approved by the Government, a violation of federal law for which the United States may recover three times the amount of the damages the Government sustains and a civil monetary penalty of $5,500 and $11,000.

## C.  COUNT THREE

### THE FCA: 31 U.S.C. § 3729(a)(3)

270.   The Federal FCA, 31 U.S.C. sec. 3729(a)(3) makes any person, who conspires to defraud the United States by getting a false or fraudulent claim allowed or paid, liable for three times the amount of the damages the Government sustains and a civil monetary penalty of between $5,500 and $11,000.

## D.  COUNT FOUR

### Violations of the California FCA by Defendants

271.   Defendants violated the California FCA in the following respects:

a.  California Government Code §12651(a)(1) prohibits a person from knowingly presenting or causing to be presented to an officer or employee of the state or of any political subdivision thereof, a false claim for payment or approval.

b. California Government Code §12651(a)(2) prohibits a person from knowingly making, using, or causing to be made or used a false record or statement to get a false claim paid or approved by the state;

c. California Government Code §12651(a)(3) prohibits a person from conspiring to defraud the state by getting a false claim allowed or paid by the state; and

d. California Government Code §12651(a)(7) prohibits a person from knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the state.

## E. COUNT FIVE

### Violations of the Delaware FCA by Defendants

272.   Defendants violated the Delaware FCA in the following respects:

a. The Defendants violated the Delaware FCA §1201(a)(1) by knowingly presenting or causing to be presented to an officer or employee of the State of Delaware a false or fraudulent claim for payment or approval;

b. Defendants violated Delaware FCA §1201(a)(2) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Delaware;

c. Defendants violated Delaware FCA §1201(a)(3) by conspiring to defraud the State of Delaware by getting a false or fraudulent claim allowed or paid;

d. Defendants violated Delaware FCA §1201(a)(7) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Delaware.

## F. COUNT SIX

### Violations of the Florida FCA by Defendants

273. Defendants violated the Florida FCA in the following respects:

a. Defendants violated §68.082(2)(a) by knowingly presenting or causing to be presented to an officer or employee of the State of Florida a false or fraudulent claim for payment or approval;

b. Defendants violated §68.082(2)(b) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Florida;

-108-

c.    Defendants violated §68.082(2)© by conspiring to defraud the State of Florida by getting a false or fraudulent claim allowed or paid;

d.    Defendants violated §68.082(2)(g) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Florida.

## G. COUNT SEVEN

### Violations of the Georgia FCA by Defendants

274.    Defendants violated the Georgia FCA in the following respects:

a.    Defendants violated O.C.G.A. §49-4-168.1(a)(1) by knowingly presenting or causing to be presented to an officer or employee of the State of Georgia a false or fraudulent claim for payment or approval;

b.    Defendants violated O.C.G.A. §49-4-168.1(a)(2) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Georgia;

c.    Defendants violated O.C.G.A. §49-4-168.1(a)(3) by conspiring to defraud the State of Georgia by getting a false or fraudulent claim allowed or paid;

d.    Defendants violated O.C.G.A. §49-4-168.1(a)(7) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Georgia.

## H.  COUNT EIGHT

### Violations of the Hawaii FCA by Defendants

275.    Defendants violated the Hawaii FCA in the following respects:

a.  Defendants violated H.R.S. Section 661.21(a)(1) by knowingly presenting or causing to be presented to an officer or employee of the State of Hawaii a false or fraudulent claim for payment or approval;

b.  Defendants violated H.R.S. Section 661.21(a)(2) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Hawaii;

c.  Defendants violated H.R.S. Section 661.21(a)(3) by conspiring to defraud the State of Hawaii by getting a false or fraudulent claim allowed or paid;

d.  Defendants violated H.R.S. Section 661.21(a)(7) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Hawaii.

## I.  COUNT NINE

### Violations of the Illinois FCA by Defendants

276.    Defendants violated the Illinois FCA in the following respects:

a.  Defendants violated 740 ILCS 175/3(a)(1)(A) by knowingly presenting or causing to be presented to an officer or employee of the State of Illinois a false or fraudulent claim for payment or approval;

b. Defendants violated 740 ILCS 175/3 (a)(1)(B) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Illinois;

c. Defendants violated 740 ILCS 175/3 (a)(1)© by conspiring to commit a violation of subparagraphs (A), (B), or (G);

d. Defendants violated 740 ILCS 175/3 (a)(1)(G) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Illinois.

## J. COUNT TEN

### Violations of the Indiana FCA by Defendants

277. Defendants violated the Indiana FCA in the following respects:

a. Defendants violated I.C.5-11-5.5-2(b)(1) by knowingly presenting a false claim to the State of Indiana for payment or approval;

b. Defendants violated I.C. 5-11-5.5-2(b)(6) by knowingly making or using a false record or statement to obtain payment or approval of a false claim from the State of Indiana;

c. Defendants violate I.C. 5-11-5.5-2 (b)(6) by making or using a false record or statement to avoid an obligation to pay the State of Indiana.

d. Defendants violated I.C. 5-11-5.5-2 (b)(7) by knowingly conspiring with another person to perform any of those acts described in (a), (b), and © above.

### K.  COUNT ELEVEN

### Violations of the Louisiana FCA by Defendants

278.   Defendants  violated the Louisiana FCA in the following respects:

a.   Defendants violated RS 46:438.3A by knowingly presenting or causing to be presented a false or fraudulent claim;

b.   Defendants violated RS 46:438.3B by knowingly engaging in misrepresentation or making, using, or causing to be made or used, a false record or statement to obtain payment for a false or fraudulent claim from the Louisiana Medicaid program;

c.   Defendants violated RS 46:438.3C by knowingly making, using, or caused to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay money to the Louisiana Medicaid program;

d.   Defendants violated RS 46:438.3D by conspiring to defraud, or attempt to defraud, the Louisiana Medicaid program through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim;

e.   Defendants violated RS 46.438.2A(2) by soliciting, receiving, offering, or paying remuneration, including but not limited to kickbacks, bribes, rebates, directly or indirectly, overtly or covertly, in cash or in kind, in return for purchasing, leasing, or ordering, any good, supply, service or facility for which payment may be made, in whole or in part, under the Louisiana Medicaid program.

## L.  COUNT TWELVE

### Violations of the Michigan FCA by Defendants

279.   Defendants violated the Michigan FCA in the following respects:

a.  Defendants violated MCL 400.607(1) by knowingly presenting or causing to be presented to an officer or employee of the State of Michigan a claim under the social welfare act, upon or against the state, knowing the claim to be false;

b.  Defendants violated MCL 400.604 by knowingly soliciting, offering, or receiving a kickback or bribe in connection with the furnishing of goods or services for which payment is or may be made in whole or in part pursuant to a program established under Act No. 280 of the Public Acts of 1939, as amended;

c.  Defendants violated MCL 400.606(1) by entering into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another to obtain the payment or allowance of a false claim under the social welfare act;

d.  Defendants violated MCL 400.607(3) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Michigan pertaining to a claim presented under the social welfare act.

## M.  COUNT THIRTEEN

### Violations of the Montana FCA by Defendant

280.   Defendants violated the Montana FCA in the following respects:

-113-

a. Defendants violated MCA 17-8-403(1)(a) by knowingly presenting or causing to be presented to an officer or employee of the State of Montana a false or fraudulent claim for payment or approval;

b. Defendants violated MCA 17-8-403(1)(b) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Montana;

c. Defendants violated MCA 17-8-403(1)© by conspiring to commit a violation of subparagraphs (a), (b), or (g);

d. Defendants violated MCA 17-8-403(1)(g) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Montana.

## N. COUNT FOURTEEN

### Violations of the Nevada FCA by Defendant

281. Defendants violated the Nevada FCA in the following respects:

a. Defendants violated NRS 357.040(1)(a) by knowingly presenting or causing to be presented a false or fraudulent claim for payment or approval;

b. Defendants violated NRS 357.040(1)(b) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of Nevada;

c. Defendants violated NRS 357.040(1)© by conspiring to commit a violation of subparagraphs (a), (b), or (g);

-114-

d.  Defendants violated NRS 357.040(1)(g) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money to the State of Nevada.

## O.  COUNT FIFTEEN

### Violations of the New Jersey FCA by Defendant

282.  Defendants  violated the New Jersey FCA in the following respects:

a.  violated the New Jersey FCA §2A:32C-3a by knowingly presenting or causing to be presented to an officer or employee or agent of the State of New Jersey, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

b.  Defendants violated New Jersey FCA §2A:32C-3b by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State of New Jersey;

c.  Defendants violated New Jersey FCA §2A:32C-3c by conspiring to defraud the State by getting a false or fraudulent claim allowed or paid by the State;

d.  Defendants violated New Jersey FCA §2A:32C-3g by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.

## P. COUNT SIXTEEN

### Violations of the New Mexico FCA by Defendant

283.  Defendants violated the New Mexico FCA in the following respects:

a.  violated NMSA §27-14-4A by presenting or causing to be presented to the state a claim for payment under the Medicaid program knowing that such claim is false or fraudulent;

b.  Defendants violated NMSA §27-14-4C by making, using or causing to be made or used a false record or statement to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

c.  Defendants violated NMSA §27-14-4D by conspiring to defraud the state by getting a claim allowed or paid under the Medicaid program knowing that such claim is false or fraudulent;

d.  Defendants violated NMSA §27-14-4E by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State, relative to the Medicaid program, knowing that such record or statement is false.

## Q. COUNT SEVENTEEN

### Violations of the New York FCA by Defendant

284.  The Defendants violated the New York FCA in the following respects:

-116-

a. The Defendants violated State Fin. Law §189.1(a) by knowingly presenting or causing to be presented a false or fraudulent claim for payment or approval;

b. The Defendants violated State Fin. Law §189.1(b) by knowingly making, using or causing to be made or used, a false record or statement material to a false or fraudulent claim;

c. The Defendants violated State Fin. Law §189.1© by conspiring to commit a violation paragraph (a), (b) or (g) of this subdivision;

d. The Defendants violated State Fin. Law §189.1(g) by knowingly making, using or causing to be made or used a false record or statement material to an obligation to pay or transmit money or property to the state.

### R.  COUNT EIGHTEEN

### Violations of the Oklahoma FCA by Defendant

285.   Defendants violated the Oklahoma FCA in the following respects:

a. Defendants violated Okla. Stat. §63-5053.1(B)(1) by knowingly presenting or causing to be presented to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;

b. Defendants violated Okla. Stat. §63-5053.1(B)(2) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the state;

c.   Defendants violated Okla. Stat. §63-5053.1(B)(3) by conspiring to defraud the state by getting a false or fraudulent claim allowed or paid;

d.   Defendants violated Okla. Stat. §63-5053.1(B)(7) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state.

## S. COUNT TWENTY

### Violations of the Rhode Island FCA by Defendant

286.  Defendants violated the Rhode Island FCA in the following respects:

a.   Defendants violated R.I. Gen. Laws § 9-1.1-3(a)(1) by knowingly presenting or causing to be presented to an officer or employee of the state or member of the guard a false or fraudulent claim for payment or approval;

b.   Defendants violated R.I. Gen. Laws § 9-1.1-3(a)(2) by knowingly making, using or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the state;

c.   Defendants violated R.I. Gen. Laws § 9-1.1-3(a)(3) by conspiring to defraud the state by getting a false or fraudulent claim allowed or paid;

d.   Defendants violated R.I. Gen. Laws § 9-1.1-3(a)(7) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state.

## T.  COUNT  TWENTY ONE

### Violations of the Tennessee FCA by Defendant

287.  Defendants violated the Tennessee FCA in the following respects:

a.  Defendants violated Tenn. Code Ann. §71-5-181(a)(1)(A) by presenting or causing to be presented to the state a claim under the Medicaid program knowing such claim is false or fraudulent;

b.  Defendants violated Tenn. Code Ann. §71-5-181(a)(1)(B) by making, using or causing to be made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid or approved by the state knowing such record or statement is false;

c.  Defendants violated Tenn. Code Ann. §71-5-181(a)(1)© by conspiring to defraud the state by getting a claim allowed or paid under the Medicaid program knowing such claim is false or fraudulent;

d.  Defendants violated Tenn. Code Ann. §71-5-181(a)(1)(D) by making, using or causing to be made or used, a record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state, relative to the Medicaid program, knowing such record or statement is false.

## U.  COUNT TWENTY TWO

### Violations of the Texas FCA by Defendant

288.    Defendants knowingly or intentionally reported to the State of Texas' Medicaid Program false statements or misrepresentations regarding their

pharmaceutical products. These actions were repeated and continuous violations of the Texas Medicaid Fraud Prevention Act ("TMFPA").

289.   Defendants violated the TMFPA in the following respects:

a. Section 36.002(1) prohibits a person from knowingly or intentionally making or causing to be made a false statement or misrepresentation of material fact on an application for a contract, benefit, or payment under the Medicaid Program; or that is intended to be used to determine a person's eligibility for a benefit or payment under the Medicaid program;

b. Section 36.002(2) prohibits a person from knowingly or intentionally concealing or failing to disclose an event that permits a person to receive a benefit or payment that is not authorized, or that permits a person to receive a benefit or payment that is greater than the benefit or payment that is authorized;

c. Section 36.002(4) prohibits a person from knowingly or intentionally making or causing to be made a false statement or misrepresentation of fact concerning information required to be provided by a federal or state law, rule, regulation or provider agreement pertaining to the Medicaid Program;

d. Section 36.002(5) prohibits a person, except as authorized under the Medicaid program, from knowingly paying, charging, soliciting, accepting, or receiving, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or

-120-

product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program; and

e. Section 36.002(9) prohibits a person from knowingly entering into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another person in obtaining an unauthorized payment or benefit from the Medicaid program or a fiscal agent.

## V. COUNT TWENTY THREE

### Violations of the Wisconsin FCA by Defendants

290.  Defendants violated the Wisconsin FCA in the following respects:

a.  Defendants violated Wis. Stat. §20.931(2)(a) by knowingly presenting or causing to be presented to an officer, employee, or agent of the state a false claim for medical assistance;

b.  Defendants violated Wis. Stat. §20.931(2)(b) by knowingly making, using or causing to be made or used a false record or statement to get a false claim paid for medical assistance;

c.  Defendants violated Wis. Stat. §20.931(2)© by conspiring to defraud the state by obtaining allowance or payment of a false claim for medical assistance or by knowingly making or using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Medical Assistance program;

d. Defendants violated Wis. Stat. §20.931(2)(g) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Medical Assistance program.

### W. COUNT  TWENTY FOUR

### Violations of the Massachusetts FCA by Defendant

291.  Defendants violated the Massachusetts FCA in the following respects:

a. Defendants violated Mass. Gen. Laws Ch. 12, §5B(1) by knowingly presenting or causing to be presented a false claim for payment or approval;

b. Defendants violated Mass. Gen. Laws Ch. 12, §5B(2) by knowingly making, using or causing to be made or used a false record or statement to obtain payment or approval of a claim by the commonwealth;

c. Defendants violated Mass. Gen. Laws Ch. 12, §5B(3) by conspiring to defraud the commonwealth through the allowance or payment of a fraudulent claim;

d. Defendants violated Mass. Gen. Laws Ch. 12, §5B(8) by knowingly making, using or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the commonwealth.

## X. COUNT TWENTY FIVE

### Violations of the Virginia FCA by Defendants

292.   Defendants violated the Virginia FCA in the following respects:

a.  Defendants violated Code of Virginia § 8.01-216.3A(1) by knowingly presenting, or causing to be presented, to an officer or employee of the Commonwealth a false claim for payment or approval;

b. Defendants violated Code of Virginia § 8.01-216.3A(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth;

c.  Defendants violated Code of Virginia § 8.01-216.3A(3) by conspiring to defraud the Commonwealth by getting a false or fraudulent claim allowed or paid;

d.  Defendants violated Code of Virginia § 8.01-216.3A(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Commonwealth.

## Y. COUNT TWENTY SIX

### Violations of the District of Columbia FCA by Defendants

293.   Defendants violated the District of Columbia FCA in the following respects:

a. Defendants violated D.C. Code Ann., 2-308.14(a)(1) by knowingly presenting, or causing to be presented, to an officer or employee of the District a false claim for payment or approval;

b. Defendants violated D.C. Code Ann., 2-308.14(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false claim paid or approved by the District;

c. Defendants violated D.C. Code Ann., 2-308.14(a)(3) by conspiring to defraud the District by getting a false claim allowed or paid by the District;

d. Defendants violated D.C. Code Ann., 2-308.14(a)(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the District.

## Z. COUNT TWENTY SEVEN

### Violations of the Chicago FCA by Defendants

294. Defendants violated the Chicago FCA in the following respects:

a. Defendants violated Mun. Code of Chicago 1-22-020(1) by knowingly presenting, or causing to be presented, to an official or employee of the city a false or fraudulent claim for payment or approval;

b. Defendants violated Mun. Code of Chicago 1-22-020(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the District;

c. Defendants violated Mun. Code of Chicago 1-22-020(3) by conspiring to defraud the District by getting a false claim allowed or paid by the city;

d. Defendants violated Mun. Code of Chicago 1-22-020(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the city.

## AA. COUNT TWENTY EIGHTH

### Violations of the Connecticut FCA by Defendants

295. Defendants violated the Connecticut False Claims Act, Conn. Gen. Stat. §§ 17b-301 through 17b-301p ("Connecticut FCA") in the following respects:

a. Defendants violated the Connecticut FCA by knowingly presenting, or causing to be presented, to an official or employee of the State a false or fraudulent claim for payment or approval;

b. Defendants violated the Connecticut FCA by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

c. Defendants violated the Connecticut FCA by conspiring to defraud the District by getting a false claim allowed or paid by the State;

d. Defendants violated the Connecticut FCA by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.